UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

    Plaintiff,
v.                                                    Case No. 8:20-cv-1640-TPB-AAS

JEFFREY CRILLEY, et al.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on "Plaintiff's Motion for Entry of Final Summary Judgment and Incorporated Memorandum of Law," filed on September 15, 2021. (Doc. 32). Two of the named Defendants filed a response to the motion on October 5, 2021. (Doc. 39). Plaintiff filed a reply on October 7, 2021. (Doc. 40). Based on the motion, response, reply, court record and file, the Court finds as follows.

**Background**

The facts of this case are undisputed. Defendant Jeffrey Crilley had an automobile insurance policy under policy number 47070735 (the "Policy") issued by Defendant Progressive American Insurance Company, the relevant provisions of which are discussed below. Crilley owned two 2014 Mercedes Benz automobiles

listed on the Policy, which he used for personal purposes. Crilley was also the sole member of a real estate company, Defendant 319 Holdings, LLC, which owned a 2012 Mercedes automobile and maintained an insurance policy on which the 2012 Mercedes was listed. From the time 319 Holdings purchased the 2012 Mercedes, Crilley regularly and extensively used it for company business until he retired, after which he used it less often.

At some point before the accident that gave rise to this lawsuit, Crilley loaned the 2012 Mercedes to Defendant Adela Ulloa Alvarez, with whom he was romantically involved. The car was typically garaged at Alvarez's residence approximately 30 minutes from Crilley's home. Crilley kept a key to the car, and there was no agreement that Alvarez could use the car for any particular length of time. Crilley also continued to use the car for company business on occasion. Crilley had the right to demand the return of the car at any time.

In 2019, Alvarez was driving the 2012 Mercedes with Defendant Corey Feldman as a passenger. Alvarez left the car, and Feldman then drove it and was involved in an accident that injured Defendants Alexander Barberan and Jennifer Tovar-Gonzalez. They filed suit in state court for personal injuries, naming Crilley, Feldman, Alvarez, and 319 Holdings as defendants under theories of negligence, negligent entrustment, and vicarious liability.

Progressive filed this suit seeking a declaration that there is no bodily injury coverage under the Policy as to Crilley, 319 Holdings, Alvarez, or Feldman for

Barberan or Tovar-Gonzalez's injuries, that it has no duty to indemnify these Defendants for any damages awarded to Barberan or Tovar-Gonzalez in the state court litigation, and no duty to defend Crilley in that litigation. Barberan, Tovar-Gonzalez, Crilley, 319 Holdings, and Alvarez answered the complaint. Feldman did not respond to the complaint and Progressive has moved for a default judgment as to Feldman. Progressive has moved for summary judgment on its declaratory judgment claim. Defendants Barberan and Tovar-Gonzalez filed a response in opposition.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or

evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003).

It is well-settled that "the interpretation of an insurance policy is a question of law to be decided by the Court." *Desai v. Navigators Ins. Co.*, 400 F. Supp. 3d 1280, 1288 (M.D. Fla. 2019) (citing *Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh PA*, 143 F. Supp. 3d 1283, 1292 (S.D. Fla. 2015); *see also Chestnut Associates, Inc. v. Assurance Co. of America*, 17 F. Supp. 3d 1203, 1209 (M.D. Fla. 2014); *Szczeklik v. Markel Intern. Ins. Co., Ltd.*, 942 F. Supp. 2d 1254, 1259 (M.D. Fla. 2013). When reviewing an insurance policy, the contract should be "construed according to the plain language of the policy," and any ambiguities must be "construed against the insurer and in favor of coverage." *Desai*, 400 F. Supp. 3d at 1288 (citing *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005)). The insured bears the initial burden of establishing that his or her claim falls within coverage of the insurance policy; the burden then shifts to the insurer to prove that an exclusion applies. *Id.* (citing *Amerisure Ins. Co. v. Auchter Co.*, No. 3:16-cv-407-J-39JRK, 2017 WL 4862194, at *10 (M.D. Fla. Sept. 27, 2017)).

## Analysis

Progressive argues that there is no coverage and it has no duty with respect to the claims against Defendants Alvarez or Feldman because they are not "insured

persons" under the Policy, and that there is no coverage and it has no duty as to the claims against Alvarez, Feldman, Crilley, or 319 Holdings under an exclusion for injuries arising from accidents involving vehicles "furnished or available" for Crilley's regular use. Barberan and Tovar-Gonzalez, the only responding Defendants, do not address the "insured person" issue, but argue that there are issues of fact as to the applicability of the exclusion.

*"Insured Person"*

The Policy provides coverage "for **bodily injury** for which an **insured person** becomes legally responsible because of an accident." "Insured Person" is defined in relevant part as follows:

> **"Insured person"** means:
> a. **you**, a **relative**, or a **rated resident** with respect to an accident arising out of the ownership, maintenance or use of an **auto** or a **trailer**;
> b. any person with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**;
> c. any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a. or b. above . . .

This provision covers claims against Crilley as an "insured person." Progressive argues, however, that it does not cover claims against Alvarez or Feldman, because neither of them is a "relative" or "rated resident" under subparagraph a., the 2012 Mercedes is not a "covered auto" under subparagraph b., and neither of the two individuals is covered by subparagraph c. Because Barberan and Tovar-Gonzalez did not respond to this point, any opposing argument

is deemed abandoned.  *See, e.g.*, *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.") (internal quotation omitted).   Moreover, based on the Court's review of the Policy, Progressive's argument is correct.   Accordingly, Progressive's motion will be granted on this ground as to coverage for claims against Alvarez and Feldman.

### *"Furnished or Available" Exclusion*

As to the claims by Barberan and Tovar-Gonzalez against all Defendants, including Crilley and 319 Holdings, Progressive relies on an exclusion for liability arising from the ownership or use of an automobile "furnished or available" to Crilley for his "regular use":

> **EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.**
>
> Coverage under this Part I, including **our** duty to defend, will not apply to any **insured person** for:
> . . .
>
> 12. bodily injury or **property damage** arising out of the ownership, maintenance, or use of any vehicle owned by **you** or furnished or available for **your** regular use, other than a **covered auto** for which this coverage has been purchased . . .

Progressive contends, and the responding Defendants agree, that this exclusion is unambiguous.   The relevant facts here are undisputed, and they are basically: (1) after Crilley loaned the 2012 Mercedes to Alvarez, the car was often

Page 6 of 9

garaged at her residence 30 minutes away from Crilley's home; (2) while Crilley used the car on occasion, he did not actually operate the car on a "regular" basis; and (3) Crilley kept a key to the car and had the right to demand its return and resume possession and actual use at any time.

Progressive contends that the car was "furnished or available for [Crilley's] regular use," because for purposes of the exclusion (1) his "use" of the car included loaning it to Alvarez and (2) his right or opportunity to operate the car is determinative, rather than his actual operation of the car. Barbaran and Tovar-Gonzalez do not address the first point but contend that Crilley's actual operation of the car and how readily he could physically access the car are issues of fact that remain for the jury to determine.

On the undisputed facts, the Court concludes that the car remained "furnished or available for [Crilley's] regular use." First, the term "use" is broader than "operation" and encompasses Crilley's loaning the car to Alvarez to drive. *See Budget Rent-a-Car Sys., Inc. v. State Farm Mut. Auto. Ins. Co.*, 727 So. 2d 287, 290 (Fla. 2d DCA 1999) ("There is . . . no question that [the insured's] decision to allow Mr. Grant to drive the vehicle was a 'use' of the vehicle."); *Hertz Corp. v. Amerisure Ins. Co.*, 627 So. 2d 22, 23 (Fla 2d DCA 1993) ("The word 'use' in the policy provision can include Brown's act of permitting Davis to drive the rented auto."). In that sense, the car was actually in "use" by Crilley during the time he loaned it to Alvarez and as such was within the scope of the exclusion.

Second, the application of the exclusion does not turn on actual "use" but on the car's "availability" for use by Crilley. Both sides agree that "available" basically means "suitable or ready for use" or "readily obtainable." Crilley had the right to obtain return of the car and to resume actual, regular operation of the car at any time, subject only to the time it would take to obtain the car from Alvarez. Under the plain meaning of "available," the car was "available for [his] regular use," even if he did not actually operate the car on a regular basis. *See Progressive Direct Ins. Co. v. Yousif*, No. CIV-09-838-D, 2010 WL 3959623, at *7 (W.D. Okla., Oct. 8, 2010) ("Where the policy excludes coverage for vehicles 'available' for regular use, the fact that an individual did not regularly use the vehicle is not dispositive; a critical issue is whether he had the *right* to do so.") None of the cases relied on by Barberan and Tovar-Gonzalez involves a situation like this one, where the insured had the undisputed right to demand the use of a vehicle at any time.

Accordingly, Progressive's motion for summary judgment is granted.

It is therefore

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Plaintiff's Motion for Entry of Final Summary Judgment" (Doc. 32) is **GRANTED**.

(2) The Court declares that that there is no bodily injury coverage under the Policy as to Crilley, 319 Holdings, Alvarez, or Feldman for Barberan's or

Tovar-Gonzalez's injuries as a result of the accident, that Progressive has no duty to indemnify Crilley, 319 Holdings, Alvarez, or Feldman for any damages awarded to Barberan or Tovar-Gonzalez in the underlying state court litigation, styled *Alexander Barberan et al. v. Jeffrey Crilley et al.*, No. 20-2904-CI (6th Jud. Cir. Pinellas Cty. Fla.), and that Progressive has no duty to defend Crilley in that litigation.

(3) "Plaintiff's Motion for Final Default Judgment" (Doc. 38) as against Feldman is **DENIED** as moot.

(4) The Clerk is directed to enter judgment in favor of Plaintiff, Progressive American Insurance Company, and against Defendants Jeffrey Crilley, 319 Holdings, LLC, Adela Ulloa Alvarez, Corey Feldman, Alexander Barberan, and Jennifer Tovar-Gonzalez in accordance with the dictates of this Order.

(5) Following entry of judgment, the Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23d day of February, 2022.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**